UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD D. BEAVER, | CASE NO. C26-0439-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| COLIN CARY, et al., | |
| Defendant(s). | |

## I.    BACKGROUND & ANALYSIS

Plaintiff Ronald D. Beaver, representing himself, filed this action against two accountants that previously prepared his tax returns. Dkt. No. 1. Beaver alleges that Defendants prepared a decade's worth of tax returns that fraudulently asserted his tax liability without identifying the statutory authority imposing the liability. *Id*. ¶¶ 2, 6. Beaver contends that a reasonable client is entitled to know the statutory basis for paying taxes, and that Defendants deceived him by failing to disclose this information. *Id*. ¶ 37. Beaver contends that as a result of this conduct, he paid more than a million dollars in taxes that he did not owe. *Id*. ¶¶ 6, 9, 40. The complaint asserts that Defendants repeatedly prepared fraudulent tax returns asserting tax liabilities, using mail and wire communications in a pattern of racketeering activity. *Id*. ¶¶ 5, 42–43. The complaint lists two claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962. *Id*. ¶¶ 57–70. Beaver seeks to recover treble damages in the form of the fees paid

ORDER GRANTING MOTION TO DISMISS - 1

to Defendants for professional services as well as the taxes paid in reliance on the allegedly fraudulent returns prepared by Defendants, along with pre- and post-judgment interest, costs, and injunctive relief. *Id*. at 15–18.

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Beaver's complaint fails to state a valid RICO claim and does not satisfy the heightened pleading standard applicable to claims sounding in fraud. Dkt. No. 13. The Court agrees with both contentions and will thus grant Defendants' motion, but will give Beaver an opportunity to amend his complaint.

**A.    Legal Standards**

In evaluating a motion to dismiss under Rule 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (*id*.), nor do "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If a claim sounds in fraud, as Beaver's claims do, the complaint must also satisfy the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–05 (9th Cir. 2003). Rule 9(b) requires that parties "state with particularity the circumstances constituting fraud or mistake," including "'the who, what, when, where, and how' of the misconduct charged[.]" *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). To satisfy this standard, a plaintiff asserting fraud-

based claims "must set forth what is false or misleading about [the defendant's] statement[s], and why [they are] false." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014) (*citing Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B.      The Complaint Fails to State a Valid RICO Claim With the Requisite Particularity.**

As noted earlier in this order, the complaint lists two RICO claims under 18 U.S.C. § 1962(c)–(d).  Section 1962(c) prohibits any person from conducting an enterprise through a pattern of racketeering activity, and Section 1962(d) prohibits a person from conspiring to violate Section 1962(c). "To state a civil claim for violations of [Section] 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's business or property.'" *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1138 (N.D. Cal. 2015) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).  And to state a claim for violation of Section 1962(d), the plaintiff must allege facts showing that the defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (quoting *United States v. Muskovsky*, 863 F.2d 1319, 1324 (7th Cir. 1988)).

Beaver's complaint generally alleges that Defendants engaged in a pattern of racketeering activity that prevented him from making an informed choice to pay taxes, and led him to pay taxes that he did not lawfully owe, but it does not identify the fraudulent activity with any degree of particularity.  *See* Dkt. No. 1.  The complaint assumes the existence of but does not identify the source of Defendants' alleged obligation to identify the statutory authority for tax liability in a tax

ORDER GRANTING MOTION TO DISMISS - 3

return, and thus has failed to explain why Defendants' statements were fraudulent.  And as noted by Defendants, the complaint fails to identify the timing of these statements—other than to note that Defendants prepared returns over the course of a decade—which is relevant to the application of the four-year statute of limitations for RICO claims.  Dkt. No. 13 at 4–5.  The complaint thus fails to identify the "when" and "how" of the alleged fraud, but simply repeats the general allegation that Defendants' failure to state the statutory basis for Beaver's tax liability in tax returns is deceptive.  Contrary to Beaver's opposition brief (Dkt. No. 14), the Court is not obligated to credit conclusory allegations under either Rule 12(b)(6) or Rule 9(b).

Although the current version of the complaint lacks sufficient factual content, Beaver may be able to cure these deficiencies via amendment.  Accordingly, the Court will grant Defendants' motion to dismiss and allow Beaver to amend his complaint.

## II.    CONCLUSION

For the reasons explained here, Defendants' motion to dismiss is GRANTED.  Dkt. No. 13.  Plaintiff may file an amended complaint no later than July 8, 2026.

Dated this 8th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 4