UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD D. BEAVER,<br>Plaintiff(s),<br>v.<br>COLIN CARY, et al.,<br>Defendant(s). | CASE NO. C26-0439-KKE<br>ORDER GRANTING MOTION TO DISMISS |

## I. BACKGROUND & ANALYSIS

Plaintiff Ronald D. Beaver, representing himself, filed this action against two accountants that previously prepared his tax returns. Dkt. No. 1. The complaint lists two claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962. *Id.* ¶¶ 57–70.

The Court permitted Beaver to amend his complaint after granting Defendants' motion to dismiss (Dkt. No. 20), and Beaver's first amended complaint ("FAC") again alleges that Defendants engaged in fraudulent conduct with respect to Beaver's tax returns, beginning with tax year 2012 and continuing through tax year 2020. Dkt. No. 21. The FAC lists two RICO claims. *Id.* ¶¶ 85–96.

Defendants renewed their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the FAC fails to state a valid RICO claim and does not satisfy the heightened

pleading standard applicable to claims sounding in fraud. Dkt. No. 23. Defendants also contend that Beaver's claims are time-barred and thus further leave to amend would be futile. *Id.* at 4–5.

The Court agrees with Defendants that the FAC fails to state a valid RICO claim, and that any amendment would be futile due to the statute of limitations. Accordingly, the Court will grant Defendants' motion to dismiss without leave to amend.

**A. Legal Standards**

In evaluating a motion to dismiss under Rule 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (*id.*), nor do "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If a claim sounds in fraud, as Beaver's claims do, the complaint must also satisfy the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–05 (9th Cir. 2003). Rule 9(b) requires that parties "state with particularity the circumstances constituting fraud or mistake," including "'the who, what, when, where, and how' of the misconduct charged[.]" *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). To satisfy this standard, a plaintiff asserting fraud-based claims "must set forth what is false or misleading about [the defendant's] statement[s], and why [they are] false." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014) (*citing Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B. The Complaint Fails to State a Valid RICO Claim With the Requisite Particularity.**

As noted earlier in this order, the complaint lists two RICO claims under 18 U.S.C. § 1962(c)–(d). Section 1962(c) prohibits any person from conducting an enterprise through a pattern of racketeering activity, and Section 1962(d) prohibits a person from conspiring to violate Section 1962(c). "To state a civil claim for violations of [Section] 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's business or property.'" *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1138 (N.D. Cal. 2015) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). And to state a claim for violation of Section 1962(d), the plaintiff must allege facts showing that the defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (quoting *United States v. Muskovsky*, 863 F.2d 1319, 1324 (7th Cir. 1988)).

The FAC generally alleges that Defendants engaged in a pattern of racketeering activity by representing that they had competently prepared Beaver's tax returns for years 2012–2020, yet when Beaver asked them to explain the legal predicates and factual assumptions that support his tax returns as prepared, Defendants refused to do so. *See* Dkt. No. 21 ¶¶ 38–40.

These allegations are insufficient to support a RICO claim. The FAC does not allege that Defendants made any false statement and this omission is fatal. As the Court previously explained, without identification of a false statement made by Defendants, Beaver has not shown that Defendants' tax return preparation or communications with him amount to a predicate act of

racketeering. *See* Dkt. No. 20 at 3–4. The FAC fails to identify the "when" and "how" of any alleged fraud, but simply repeats the general allegation that Defendants' failure to explain the basis for Beaver's tax liability in tax returns reveals the fraudulent misrepresentation or omission in the returns. But lacking a plausible allegation that any tax return prepared by Defendants contained false statements, Beaver has failed to state a valid RICO claim under the heightened pleading standard.

And even if the FAC did state valid RICO claims, they would be time-barred. The parties agree that a four-year statute of limitations applies to RICO claims. *See Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Here, the FAC alleges that Beaver most recently paid taxes consistent with the returns prepared by Defendants in tax year 2020, and paid Defendants' professional fees for that year as well. *See* Dkt. No. 21 ¶ 63. The tax return was prepared and filed in 2021, which is more than four years before this case was filed on February 6, 2026. *Id.*

Beaver alleges that in August and September 2022, he asked Defendants to explain the statutory and factual basis for the tax returns they had previously prepared and that they refused at that time. Dkt. No. 21 ¶ 81. The statute of limitations clock did not start running in August or September 2022, however; Beaver acknowledges that he was provided a copy of his most recent tax return prepared by Defendants in April 2021 and could have discovered any fraud then. *Id.* ¶ 63. The statute of limitations clock begins running when a plaintiff knows or *should have known* of the injury forming the basis of the action. *Grimmett*, 75 F.3d at 512. The FAC's allegations indicate that the four-year clock started running in April 2021, and it had therefore expired before Beaver filed this action in February 2026.

Because permitting leave to amend would be futile due to the statute of limitations, no further amendment will be permitted and the FAC will be dismissed with prejudice for failure to state a valid claim.

## II. CONCLUSION

For the reasons explained here, Defendants' motion to dismiss is GRANTED. Dkt. No. 13. Plaintiff's motion for sanctions (Dkt. No. 30) fails to identify any sanctionable conduct and is therefore DENIED.[1] The clerk shall enter judgment in favor of Defendants and close the case.

Dated this 30th day of October, 2026.

Kymberly K. Evanson
United States District Judge

[1] Although Defendants request an award of fees and costs associated with defending this motion, the Court declines to impose this sanction. The Court nonetheless warns Beaver that future frivolous filings may warrant monetary sanctions.